DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*Vitacost.com, Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LICEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VITACOST.COM, INC., a Delaware corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'22 CV 1854 RSH WVG**<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, No. 37-2022-00042326-CU-MT-CTL]<br><br>Compl. Filed:    October 21, 2022<br>Action Removed:  November 28, 2022 |

DEFENDANT'S NOTICE OF REMOVAL
4891-4326-5342v.2 0108587-000139

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TO THE CLERK AND TO PLAINTIFF AND HIS ATTORNEYS:**

**PLEASE TAKE NOTICE** that defendant Vitacost.com, Inc., hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.  Vitacost is entitled to remove this action to federal district court pursuant to U.S.C. §§ 1332, 1441, and 1446 based on the following:

**State Court Action**

1.     On October 21, 2022 plaintiff Jose Licea commenced a putative class action in the Superior Court of the State of California in and for the County of San Diego, captioned *Jose Licea v. Vitacost.com, Inc.*, Case No. 37-2022-00042326-CU-MT-CTL (the State Court Action).  A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint).  Mr. Licea served the Complaint on Vitacost on October 25, 2022.

2.     In the Complaint, Mr. Licea alleges Vitacost surreptitiously recorded, stored, and allowed a third-party vendor to access customers' interactions with a customer service "chatbot" on Vitacost's website.  (Compl. ¶¶ 12–14.)  Mr. Licea characterizes the chatbot as "secretly embedded software code that functions as a device" to "enable the wiretapping" and claims Kroger's use of the chatbot violates two provisions of the California Invasion of Privacy Act (CIPA), California Penal Code §§ 631 and 632.7.  (*Id.* ¶¶ 12, 39.)  Mr. Licea brings this claim on behalf of a putative class of "[a]ll persons within California, who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent."  (*Id.* ¶ 22.)  Mr. Licea seeks statutory damages, punitive damages, and injunctive relief, as well as attorneys' fees.  (*Id.* at p. 9.)

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.     In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Vitacost in the State Court Action or found on the docket in that action are attached hereto.

      a.     The Complaint is attached hereto as **Exhibit 1**;

      b.     The Summons is attached hereto as **Exhibit 2**;

4.     The State Court Action is removable to this Court because the Court has original jurisdiction and the Southern District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, San Diego, California). *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

## The Action Is Removable Under the Class Action Fairness Act, ## 28 U.S.C. § 1332 (d)

5.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance . . . ." 28 U.S.C. § 1711, stat. note, subd. (b)(2).

6.     "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7.     CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed

DEFENDANT'S NOTICE OF REMOVAL
4891-4326-5342v.2 0108587-000139

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

plaintiff classes combined; (3) the amount in controversy exceeds $5,000,000; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d). As explained below, this case meets each of these requirements.

### *The Minimal Diversity Requirement Is Satisfied*

8.    A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A).

9.    Mr. Licea is a citizen and resident of California. (Compl. ¶ 4.) The putative class Mr. Licea seeks to represent also comprises citizens of California. (*Id.* ¶ 22.)

10.    Vitacost is a corporation incorporated in Delaware and has its principal place of business in Florida. A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, Vitacost is a citizen of Delaware and Florida for determining minimal diversity.

11.    Therefore, sufficient diversity of citizenship exists between the parties in this case.

### *Mr. Licea's Proposed Class Exceeds 100 Members*

12.    This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ."

13.    To remove a class action under the CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

14.    Mr. Licea seeks to represent a class comprised of "[a]ll persons within California who within the statute of limitations period: (1) communicated with

DEFENDANT'S NOTICE OF REMOVAL
4891-4326-5342v.2 0108587-000139

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant via the chat feature on Defendant's website using a cellular phone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent." (Compl. ¶ 22.)

15.    According to Mr. Licea's Complaint, absent class members number in the thousands, "if not more." (*Id.* ¶ 23.) This exceeds the 100-member threshold.

### *The Amount in Controversy Exceeds $5,000,000*

16.    Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84.  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.*  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

17.    For purposes of removal only, and without conceding Mr. Licea or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharmacy, Inc.*, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (alterations and quotations omitted).

18.    The Complaint seeks statutory damages pursuant to California Penal Code §§ 631(a) and 632.7, each of which allows for a fine of $2,500 per CIPA violation.  (Compl. at p. 9; *see id.* ¶ 33 (Mr. Licea alleged "numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages."); *see also id.* ¶ 41 (alleging the same under Cal. Penal Code § 632.7).)  Mr. Licea also alleges he "believes the

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  number [of absent class members] to be in the thousands, if not more." (*Id.* ¶ 23.)

2  Even assuming each putative class member used the chat bot only once, these

3  allegations put at least $5,000,000 in controversy ($2,500 x 2,000 putative class

4  members). Thus, without conceding that the statutory maximum amount of

5  damages would be the proper measure of relief for any of his claims, or that he or

6  any putative class members are entitled to any relief, it is reasonably possible that

7  Vitacost could be liable for statutory damages exceeding $5,000,000. This alone

8  suffices to meet the CAFA amount in controversy threshold. *See Aram*

9  *Adzhikosyan v. AT&T Corp.*, 2021 U.S. Dist. LEXIS 241791, at *9 (C.D. Cal. Dec.

10  17, 2021) (amount in controversy met where CIPA statutory damages exceeded

11  $5,000,000).

12      19.   The Complaint also seeks an unspecified amount of "punitive

13  damages." (Compl. at p. 9). At least one court has awarded punitive damages

14  pursuant to California Civil Code § 3294, which allows for punitive or "exemplary"

15  damages in the case of "oppression, fraud, or malice," at a rate of $2,500 per CIPA

16  offense. *See Condon v. Condon*, 2008 U.S. Dist. LEXIS 145224, at *20 (C.D. Cal.

17  June 6, 2008). This is well within the range of appropriate damages recognized in

18  this Circuit. *See Guadarrama v. Chadorbaff*, 2018 U.S. Dist. LEXIS 226401, at

19  *28-29 (C.D. Cal. Apr. 30, 2018) ("Although, the appropriate ratio of punitive to

20  compensatory damages will vary from case to case, many courts in the Ninth

21  Circuit have found a ratio of three to one appropriate.") (citations omitted). Thus,

22  without conceding that Mr. Licea or any putative class member are entitled to any

23  relief, it is reasonably possible Vitacost could be liable for punitive damages

24  exceeding $5,000,000.

25      20.   The Complaint also seeks attorneys' fees. (Compl. at p. 9.) In the

26  Ninth Circuit, the amount in controversy likely includes attorneys' fees. *See Galt*

27  *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). A removing

28  defendant can establish the likely attorneys' fees by identifying cases in which the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

plaintiff's counsel has requested similar fees.  *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) ("Based on [defendant's] evidence that [plaintiff's] attorney sought 35 percent in a similar case, it is reasonable to assume that [plaintiff's] attorney would seek fees equal to 25 percent of the amount in controversy if he were to prevail.").  Mr. Licea's attorneys sought attorneys' fees equal to 25 percent of the common fund in another consumer class action alleging California statutory violations.  *See Kissel v. Code 42 Software Inc.*, 2018 U.S. Dist. LEXIS 221591, at *13 (C.D. Cal. Feb. 20, 2018) (awarding 25 percent of settlement funds in consumer class action challenging automatic renewal policy).  This comports with the Ninth Circuit benchmark.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (in class actions producing a common fund, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award").  Accordingly, the amount in controversy here includes attorneys' fees in the amount of 25 percent of the possible common fund.  Because it is reasonably possible a theoretical common fund will exceed $10,000,000 (statutory and punitive damages), attorneys' fees would amount to at least $2,500,000.

21.    In sum, based on Mr. Licea's pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

### *Exceptions to Jurisdiction Do Not Apply*

22.    The complete diversity between Mr. Licea and Vitacost not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exceptions for which Mr. Licea would bear the burden of proof in any event.

### **Vitacost Satisfies the Requirements of 28 U.S.C. § 1446**

23.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* U.S.C. § 1446(a).

DEFENDANT'S NOTICE OF REMOVAL
4891-4326-5342v.2 0108587-000139

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

24.    This Notice of Removal has been filed within 30 days of service of the Complaint on Vitacost, from which it was first ascertainable this case was removable pursuant to CAFA.  *See* 28 U.S.C. § 1446(b)(2)(3).

25.    Concurrently with the filing of this Notice, Vitacost is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of San Diego.  *See* 28 U.S.C. § 1446(d).

26.    Vitacost does not waive and expressly preserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Vitacost removes the State Court Action to this Court.


DATED:  November 25, 2022          DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
    Jacob M. Harper

*Attorneys for Defendant Vitacost.com, Inc.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 1

1   PACIFIC TRIAL ATTORNEYS
    A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
    sferrell@pacifictrialattorneys.com
3   Victoria C. Knowles, Bar No. 277231
    vknowles@pacifictrialattorneys.com
4   4100 Newport Place Drive, Ste. 800
    Newport Beach, CA 92660
5   Tel: (949) 706-6464
    Fax: (949) 706-6469
6
    Attorneys for Plaintiff
7

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/21/2022** at 10:18:05 PM

Clerk of the Superior Court
By Taylor Crandall,Deputy Clerk

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                        **COUNTY OF SAN DIEGO**

10
    JOSE LICEA, individually and on behalf of all        Case No. 37-2022-00042326-CU-MT-CTL
11  others similarly situated,

12                  Plaintiff,
                                                          **CLASS ACTION COMPLAINT FOR**
13          v.                                            **VIOLATIONS OF:**
                                                          **(1) PENAL CODE § 631; AND**
14  VITACOST.COM, INC., a Delaware corporation,           **(2) PENAL CODE § 632.7**
    and DOES 1 through 10, inclusive,
15
                    Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

# I. INTRODUCTION

**Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at www.vitacost.com (the "Website"); and (2) allows at least one third party to eavesdrop on such communications in real time and during transmission to harvest data for financial gain.**

**Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA") in numerous ways.**

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over all causes of action asserted herein.

2. Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

3. Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III. PARTIES

4. Plaintiff is a resident of California residing in this County.

5. Defendant owns, operates, and/or controls the Website.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and

1    scope of said agency and/or employment with the full knowledge and consent of each of the other

2    Defendants.

3        8.    Plaintiff is informed and believes that each of the acts and/or omissions complained of

4    herein was made known to, and ratified by, each of the other Defendants.

5    **IV. FACTUAL ALLEGATIONS**

6        9.    The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and

7    eavesdropping of electronic communications without the consent of all parties to the communication.

8    Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously

9    warning visitors when their conversations are being recorded or if third parties are eavesdropping on

10    them.[1]

11        10.    Unlike most companies, Defendant *ignores* CIPA. Instead, Defendant both *wiretaps*

12    the conversations of all website visitors and allows a third party to *eavesdrop* on the conversations in

13    real time during transmission. Why? Because, as one industry expert notes, *"Live chat transcripts are*

14    *the gold mines of customer service. At your fingertips, you have valuable customer insight. . .When*

15    *people are chatting, you have direct access to their exact pain points."). See*

16    https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (downloaded October 2022).

17        11.    Defendant's wiretapping and eavesdropping are not incidental to the act of facilitating

18    e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's

19    actions violate both industry norms and the legitimate expectations of consumers.[2]

20        12.    To enable the *wiretapping*, Defendant has covertly embedded software code that

21    functions as a device and contrivance into its website that automatically intercepts, records and creates

22    transcripts of all conversations using the website chat feature. To enable the *eavesdropping*,

23    Defendant allows at least one independent third-party vendor (on information and belief, NiceCXone)

24

25    [1]  *See* www.leechtishman.com/insights/blog ("*CIPA Compliance is not difficult. A business must take*
*certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the*
26    *holdings of courts interpreting CIPA.*") (last downloaded October 2022).
[2]  According to a recent poll, nearly eight in ten Americans believe that companies do not collect or
27    share consumer data gathered online, while about seven in ten believe that they remain anonymous
when engaged in online activities like web browsing and chatting. *See* https://www.ipsos.com/en-
28    us/news-polls/data-privacy-2022 (last downloaded October 2022).

- 3 -

1 to use a software device or contrivance to secretly intercept (during transmission and in real time),

2 eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website

3 visitors – even when such conversations are private and deeply personal.

4      13.    Defendant neither informed visitors of this conduct nor obtained their consent to these

5 intrusions.

6      14.    Given the nature of Defendant's business, visitors often share highly sensitive personal

7 data with Defendant via the website chat feature. As noted above, visitors would be shocked and

8 appalled to know that Defendant secretly records those conversations, and would be even more

9 troubled to learn that Defendant allows a third party to eavesdrop on the conversations in real time

10 under the guise of "data analytics."

11      15.    Defendant's conduct is illegal, offensive, and contrary to visitor expectations: indeed, a

12 recent study conducted by the Electronic Privacy Information Center, a respected thought leader

13 regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy,

14 and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their

15 personal data.

16      16.    Plaintiff is a consumer privacy advocate with dual motivations for initiating a

17 conversation with Defendant. First, Plaintiff was genuinely interested in learning more about the

18 goods and services offered by Defendant. Second, Plaintiff is a "tester" who works to ensure that

19 companies abide by the privacy obligations imposed by California law. As someone who advances

20 important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than

21 vilified." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

22      17.    In enacting CIPA, the California legislature intentionally chose to extend its protections

23 to all "persons" utilizing public telephone lines. Indeed, because the legislature expressly extended

24 protection to persons beyond individuals claiming pecuniary loss, statutes like CIPA are largely

25 enforced by civic-minded "testers" such as Plaintiff. See *Tourgeman v. Collins Fin. Servs., Inc.*, 755

26

27

28

CLASS ACTION COMPLAINT

1    F.3d 1109 (9th Cir. 2014) (explaining why testers have Article III standing and generally discussing

2    value and importance of testers in enforcement of consumer protection and civil rights statutes).[3]

3        18.    Within the last year, Plaintiff visited Defendant's Website. Plaintiff used a smart phone

4    (a cellular telephones with an integrated computer to enable web browsing) and had a conversation

5    with Defendant.  As such, Plaintiff's communications with Defendant were transmitted from a

6    "cellular radio telephone" as defined by CIPA.

7        19.    By definition, Defendant's chat communications from its website are transmitted to

8    website visitors by telephony subject to the mandates of CIPA:  "[T]hough written in terms of

9    wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or

10   attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the

11   communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).   *See also*

12   https://www.britannica.com/technology/Internet ("*The Internet works through a series of networks*

13   *that connect devices around the world through telephone lines.*") (last downloaded October 2022).

14       20.    Defendant did not inform Plaintiff or Class Members that Defendant was secretly

15   recording their conversations or allowing, aiding, and abetting a third party to intercept and eavesdrop

16   on them in real time.  Plaintiff did not learn that Defendant secretly recorded their conversation or

17   allowed a third party to eavesdrop upon it until after the conversation was completed and additional,

18   highly technical research was completed.

19       21.    Defendant did not obtain Class Members' express or implied consent to wiretap or

20   allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of

21   the conversations that Defendant was secretly wiretapping them and allowing third parties to

22   eavesdrop on them.

23

24

25   [3]   Civil rights icon Rosa Parks was acting as a "tester" when she initiated the Montgomery Bus
     Boycott in 1955, as she voluntarily subjected herself to an illegal practice to obtain standing to
26   challenge the practice in Court.  *See* https://www.naacpldf.org/press-release/ldf-pays-tribute-to-rosa-
     parks-on-the-sixtieth-anniversary-of-her-courageous-stand-against-segregation/ "(*Contrary to popular
27   myth, Rosa Parks was not just a tired seamstress who merely wanted to sit down on a bus seat that
     afternoon. She refused to give up her seat on principle. Parks had long served as the secretary of the
28   Montgomery branch of the NAACP [and] challenging segregation in Montgomery's transportation
     system was on the local civil rights agenda for some time.*") (last downloaded October 2022).

## V. CLASS ALLEGATIONS

22.   Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

23.   NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

24.   COMMONALITY: Common questions of fact and law exist as to all class members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.   Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

b.   Whether Defendant aided and abetted a third party in eavesdropping on such communications;

c.   Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.   Whether Class Members are entitled to injunctive relief.

25.   TYPICALITY: As a person who visited Defendant's Website and whose chat was recorded, intercepted and eavesdropped upon without prior knowledge or consent, Plaintiff is asserting claims that are typical of the Class.

26.   ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

27. <u>SUPERIORITY</u>: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**FIRST CAUSE OF ACTION**

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

28. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". *Here, Defendant does all three.*

29. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

30. The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

31.     At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded. Defendant also aided, abetted at least one third party to eavesdrop upon such conversations during transmission and in real time.

32.     Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

33.     Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

34.     Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." As summarized by the California Supreme Court in *Smith v. Loanme*, under section 632.7(a) it is a crime when a person intercepts or records "a communication transmitted between a cellular or cordless telephone and another telephone." Stated differently, only one party to the conversation needs to be using a cellular phone for the prohibitions of Section 632.7 to apply.

35.     Section 632.7 defines "Communication" exceptionally broadly – including not only voice communication, but also communications transmitted by "data, or image, including facsimile." Text messages sent from a smart phone to a computer or internet, like the messages at issue here, are considered data transmissions via cellular telephony to landline telephony, thus subject to Section 632.7. *See* https://www.techtarget.com/searchmobilecomputing/definition/texting ("*Text messaging is the act of sending short, alphanumeric communications between cellphones, pagers or other hand-held devices, as implemented by a wireless carrier. . . Users can also send text messages from a*

1  *computer to a hand-held device. Web texting, as it's called, is made possible by websites called SMS*
2  *gateways.*") (last downloaded October 2022).

3      36.    Courts have applied Section 632.7 to internet data communications like those at issue
4  here. *See Adler v. Community.com, Inc.*, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021)  Moreover,
5  Section 637.2 "apply to all communications, not just confidential communications." *Kearney v.*
6  *Salomon Smith Barney, Inc.* (2006) 39 Cal.4th 95, 122.

7      37.    Plaintiff and the class members communicated with Defendant using telephony subject
8  to the mandates and prohibitions of Section 632.7.

9      38.    Defendant's communication from the chat feature on its website is transmitted via
10  telephony subject to the mandates and prohibitions of Section 632.7.

11      39.    As set forth above, Defendant recorded telephony communication without the consent
12  of all parties to the communication in violation of Section 632.7.

13      40.    As set forth above, Defendant also aided and abetted a third party in the interception,
14  reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

15      41.    Defendant's conduct constitutes numerous independent and discreet violations of Cal.
16  Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

17                          **PRAYER FOR RELIEF**

18  WHEREFORE, Plaintiff prays for the following relief against Defendant:

19  1.    An order certifying the Class, naming Plaintiff as the representative of the Class and
20        Plaintiff's attorneys as Class counsel;

21  2.    An order declaring Defendant's conduct violates CIPA;

22  3.    An order of judgment in favor of Plaintiff and the Class and against Defendant on the
23        causes of action asserted herein;

24  4.    An order enjoining Defendant's conduct as alleged herein and any other injunctive
25        relief that the Court finds proper;

26  5.    Statutory damages pursuant to CIPA;

27  6.    Punitive damages;

28  7.    Reasonable attorneys' fees and costs; and

8.  All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

Dated: October 21, 2022

PACIFIC TRIAL ATTORNEYS, APC

By: _____

Scott. J. Ferrell
Attorneys for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |

TELEPHONE NO.: (949) 706-6464       FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff and the Class

**10/21/2022** at 10:18:05 PM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

STREET ADDRESS: 330 W. Broadway

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, CA  92101

BRANCH NAME:

CASE NAME:
### Licea, et al. v. Vitacost.com, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | 37-2022-00042326-CU-MT-CTL |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* Two (2)

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 21, 2022

Scott J. Ferrell                                           
_____                           _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition


*LexisNexis® Automated California Judicial Council Forms*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S): | Jose Licea |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Vitacost.com Inc |

LICEA VS VITACOST.COM INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00042326-CU-MT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Gregory W Pollack                    Department:  C-71

**COMPLAINT/PETITION FILED:** 10/21/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/24/2023 | 01:30 pm | C-71 | Gregory W Pollack |

Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise. Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

| SDSC CIV-721 (Rev. 04-21) | NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | Page: 1 |
|---|---|---|

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# EXHIBIT 2

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VITACOST.COM, INC., a Delaware corporation, and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE LICEA, individually and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/21/2022** at 10:18:05 PM

Clerk of the Superior Court
By Taylor Crandall,Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 West Broadway, San Diego, CA 92101

CASE NUMBER:
37-2022-00042326-CU-MT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

Phone No.: (949) 706-6464

DATE:
*(Fecha)* 10/24/2022

Clerk, by *T. Ceardaee* , Deputy
*(Secretario)* T. Crandall *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* VITACOST.COM, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the Court's CM/ECF system on November 25, 2022. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the district's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this certificate was executed at Los Angeles, California on November 25, 2022.

/s/ *Jacob M. Harper*

JACOB M. HARPER

DEFENDANT'S NOTICE OF REMOVAL

4891-4326-5342v.2 0108587-000139

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On November 25, 2022, I served the foregoing document(s) described as: **DEFENDANT'S NOTICE OF REMOVAL** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Scott J. Ferrell
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800
Newport Beach, CA  91660
(949) 706-6464
**Attorney for Plaintiff JOSE LICEA**

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on November 25, 2022, at Los Angeles, California.

☐    State       I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

X    Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| YVETTE MERINO | |
|---|---|
| Print Name | Signature |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANT'S NOTICE OF REMOVAL
4891-4326-5342v.2 0108587-000139

1