DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Sancho Accorsi (SBN 329413)
  *sanchoaccorsi@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Vitacost.com, Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LICEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VITACOST.COM, INC., a Delaware corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:22-cv-1854-RSH-WVG<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[*Proposed Order Filed Concurrently*]**<br><br>Date:      February 6, 2023<br>Time:      N/A<br>Dept.:      3B<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>Assigned to the Hon. Robert S. Huie<br>Filed:           October 21, 2022<br>Removed:    November 25, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that on February 6, 2023, in Courtroom 3B of the above-captioned Court, located at the United States Courthouse, 221 West Broadway, San Diego, California 92101, defendant Vitacost.com, Inc. will and hereby does move the Court for an order dismissing with prejudice the complaint of plaintiff Jose Licea pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

      This motion is made on the grounds that Mr. Licea has not established personal jurisdiction over Vitacost, an out-of-state company alleged only of maintaining a website with a chat feature available to customers nationwide.

      Mr. Licea's claims for violation of California's Invasion of Privacy Act (CIPA) under Cal. Pen. Code § 631 and § 632.7 also fail as a matter of law. Section 631 is a wiretapping statute, which applies only to a third-party's eavesdropping upon a conversation between others.  It does not apply to the voluntary online conversation initiated by Mr. Licea on Vitacost's website.  Mr. Licea's claim under Section 632.7 fails as a matter of law because it only applies to conversations between two telephones, not to online chats.

      This motion is based on this notice and motion, the attached memorandum, all pleadings, records, and files in this action, and such evidence and argument as may be presented at or before the hearing on this motion.

      Pursuant to this Court's rules, this motion is made following the conference of counsel that took place on December 21, 2022.

Dated:  January 2, 2023          DAVIS WRIGHT TREMAINE LLP

                            By: /s/ Jacob M. Harper
                                Jacob M. Harper

                            *Attorneys for Defendant Vitacost.com, Inc.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................... 1

II.   FACTUAL ALLEGATIONS ...................................................... 4

    A.    The Complaint Lacks Foundational Information About Vitacost........ 4

    B.    The Complaint Makes Minimal Allegations About Mr. Licea. ........... 4

    C.    The Complaint Follows More Than 50 Others. ................................... 4

III.  MR. LICEA CANNOT ESTABLISH PERSONAL JURISDICTION ......... 5

    A.    Mr. Licea Cannot Establish General Jurisdiction................................. 6

    B.    Mr. Licea Cannot Establish Specific Jurisdiction. ............................. 7

        1.    Vitacost Did Not Direct Its Web Chat Toward California. ....... 7

        2.    The Claims Do Not Relate to Forum-Directed Conduct. ........ 10

IV.   THE COMPLAINT FAILS TO STATE A CLAIM .................................. 10

    A.    Mr. Licea Does Not State a Claim Under Section 631. ..................... 11

        1.    Vitacost Cannot Wiretap Its Own Conversation...................... 12

        2.    Vitacost Did Not Access a Telephone Line............................. 14

        3.    Mr. Licea's Messages Were Not Intercepted in Transit. ......... 16

        4.    Vitacost Did Not Aid Another's CIPA Violation................... 18

    B.    Mr. Licea Does Not State a Claim Under Section 632.7. ................. 20

        1.    Section 632.7 Does Not Apply to Online Chats. ..................... 20

        2.    Mr. Licea Impliedly Consented to the "Recording." .............. 21

        3.    Vitacost Cannot Be Liable for Aiding and Abetting. ............. 22

V.    CONCLUSION.................................................................... 22

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adler v. Community.com, Inc.*,
   2021 WL 4805435 (C.D. Cal. Aug. 2, 2021)...................................................... 17

*Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*,
   2015 WL 5834135 (N.D. Cal. Oct. 7, 2015) ........................................................8

*Amba Mktg. Sys. v. Jobar Int'l, Inc.*,
   551 F.2d 784 (9th Cir. 1977) ...............................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................... 10

*Ayer v. White*,
   2022 WL 657502 (C.D. Cal. Mar. 4, 2022)..........................................................9

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
   223 F.3d 1082 (9th Cir. 2000) .............................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................................... 10

*Brodsky v. Apple, Inc.*,
   445 F. Supp. 3d 110 (N.D. Cal. 2020) .............................................................. 13

*Calder v. Jones*,
   465 U.S. 783 (1984)...................................................................................... 7, 8

*Chan v. UBS AG*,
   2019 WL 6825747 (C.D. Cal. Aug. 5, 2019)........................................................9

*Cline v. Reetz-Laiolo*,
   329 F. Supp. 3d 1000 (N.D. Cal. 2018) ............................................................ 16

*Crowley v. CyberSource Corp.*,
   166 F. Supp. 2d 1263 (N.D. Cal. 2001) ............................................................ 17

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)............................................................................................6

ii

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Dangoor v. Peterson's Stampede Dodge Chrysler Jeep, LLC*,
   2019 WL 6357252 (C.D. Cal. Aug. 8, 2019)........................................................9

*Flanagan v. Flanagan*,
   27 Cal. 4th 766 (2002) ...................................................................................... 20

*Graham v. Noom, Inc.*,
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ................................................. 13, 18, 19

*Hataishi v. First Am. Home Buyers Prot. Corp.*,
   223 Cal. App. 4th 1454 (2014) ......................................................................... 21

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) .............................................................................................6

*In re Google Assistant Priv. Litig.*,
   457 F. Supp. 3d 797 (N.D. Cal. 2020) ........................................................ 14, 15

*In re Vizio, Inc. Consumer Priv. Litig.*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) ............................................................ 16

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945).............................................................................................6

*Javier v. Assurance IQ, LLC*,
   2022 WL 1744107 (9th Cir. May 31, 2022) ..................................................... 15

*Johnson v. Blue Nile, Inc.*,
   2021 WL 1312771 (N.D. Cal. Apr. 8, 2021) ..................................................... 19

*Kearney v. Salomon Smith Barney, Inc.*,
   39 Cal. 4th 95 (2006) ........................................................................................ 20

*Konop v. Hawaiian Airlines, Inc.*,
   302 F.3d 868 (9th Cir. 2002) ...................................................................... 16, 17

*Matera v. Google, Inc.*,
   2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) ................................................. 14

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) ....................................... 12, 14, 15, 16

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ....................................................................... 7, 8

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Membrila v. Receivables Performance Mgmt., LLC*,
    2010 WL 1407274 (S.D. Cal. April 6, 2010) .................................................. 13

*Mireskandari v. Mail*,
    2013 WL 12129559 (C.D. Cal. Jul. 30, 2013)................................................. 17

*Moledina v. Marriott Int'l, Inc.*,
    2022 WL 16630276 (C.D. Cal. Oct. 17, 2022)............................... 2, 3, 9, 20

*Montantes v. Inventure Foods*,
    2014 WL 3305578 (C.D. Cal. Jul. 2, 2014)............................................. 20, 22

*Nat-Immunogenics Corp. v. Newport Trial Grp.*,
    2018 WL 6136146 (C.D. Cal 2018).................................................................2

*NovelPoster v. Javitch Canfield Group*,
    140 F. Supp. 3d 938 (N.D. Cal. 2014) ...................................................... 16, 18

*P & P Imports, LLC v. OJCommerce, LLC*,
    2019 WL 8012690 (C.D. Cal. Oct. 4, 2019)...................................................8

*Pakootas v. Teck Cominco Metals, Ltd.*,
    905 F.3d 565 (9th Cir. 2018) .........................................................................7

*Powell v. Union Pac. R. Co.*,
    864 F. Supp. 2d 949 (E.D. Cal. 2012) ..................................................... 12, 13

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
    759 F. Supp. 417 (S.D.N.Y. 2010) .............................................................. 18

*Rain Design, Inc. v. Spinido, Inc.*,
    2018 WL 4904894 (N.D. Cal. Oct. 9, 2018) .................................................8

*Ranza v. Nike*,
    793 F.3d 1059 (9th Cir. 2015) .......................................................................6

*Rodriguez v. Google LLC*,
    2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ............................................... 17

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894 (1975) ................................................. 12, 17, 18

*Rosenow v. Facebook, Inc.*,
    2020 WL 1984062 (S.D. Cal. Apr. 27, 2020)............................................. 17

iv

MOTION TO DISMISS COMPLAINT
Case No. 22-CV-1854-RSH-WVG

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Rupert v. Bond*,
    68 F. Supp. 3d 1142 (N.D. Cal. 2014) ...................................................7

*Saleh v. Nike, Inc.*,
    562 F. Supp. 503 (C.D. Cal. 2021) ............................................... 8, 13

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ........................................... *passim*

*Shayler v. 1310 PCH, LLC*,
    2022 WL 13743415 (9th Cir. Oct. 24, 2022)......................................2

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) .............................................................5

*Smith v. LoanMe, Inc.*,
    11 Cal. 5th 183 (2021) ............................................... 20, 21

*Somers v. Apple, Inc.*,
    729 F.3d 953 (9th Cir. 2013) ........................................... 10

*ThermoLife Int'l, LLC v. NetNutri.com, LLC*,
    813 F.Appx. 316 (9th Cir. 2020).............................................. 8, 9

*Walden v. Fiore*,
    571 U.S. 277 (2014)........................................................... 7, 8

*Warden v. Kahn*,
    99 Cal. App. 3d 805 (1979) ............................................... 1, 3, 12, 19

*Williams v. What If Holdings, LLC*,
    2022 WL 17869275 (N.D. Cal. Dec. 22, 2022)...........................*passim*

*Yale v. Clicktale, Inc.*,
    2021 WL 1428400 (N.D. Cal. Apr. 15, 2021)................................... 19

*Yoon v. Lululemon USA, Inc.*,
    549 F. Supp. 3d 1073 (C.D. Cal. 2021) ........................................... 13

**Statutes**

California Civil Code
    § 1798.100..........................................................................8
    § 1798.115..........................................................................8
    § 1798.140(d)(5) ...........................................................8

v

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California Penal Code

§ 630 ............................................................................................ 12
§ 631 ...................................................................................... *passim*
§ 632.7 ................................................................................... *passim*

**Rules**

Federal Rules of Civil Procedure

Rule 12(b)(2) ..................................................................................5
Rule 12(b)(6) ............................................................................ 5, 10

MOTION TO DISMISS COMPLAINT
Case No. 22-CV-1854-RSH-WVG

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In this 53rd attempt in California courts to rewrite 40 years of settled precedent, counsel Scott Farrell and serial plaintiff Jose Licea (plaintiff in 16 of these matters) are trying to apply California's wiretap statutes—which bar eavesdropping by third parties—to prohibit *parties* from listening to their *own* conversations.  The purpose?  To create a new avenue for attorneys' fees and crippling quasi-criminal sanctions akin to the ADA lawsuits flooding federal dockets—this time based on online customer service tool.  The claims should fail because settled law prohibits them, as courts are beginning to rule as these cases trickle down clogged dockets.  *See Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (holding California wiretap statute "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation"); *Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (dismissing near-identical claim because "[a]s the website owner, [defendant] was the intended recipient of plaintiff's communication. Parties to a conversation cannot eavesdrop on their own conversation[.]").

Mr. Licea and Mr. Farrell initiated this class action against Defendant Vitacost.com, Inc. (Vitacost) for violations of Section 631 and Section 632.7 of the California Invasion of Privacy Act (CIPA).  Mr. Licea speculates Vitacost tapped communications Mr. Licea voluntarily initiated with Vitacost's customer-service chat tool (Web Chat), an automated chat feature that Vitacost makes available on www.Vitacost.com (the Website), and as is regularly found on consumer-facing e-commerce websites.  CIPA does not apply to the alleged facts.  As established by controlling law, Section 631 prohibits eavesdropping by third parties (not participants like Vitacost), while Section 632.7 prohibits a party from recording a two-way telephone conversation (not an online chat).  Mr. Licea muddles CIPA's various provisions to fit a theory of liability inconsistent with the statutory scheme.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

This case is one of at least 53 virtually identical cases Mr. Ferrell filed against any business offering a customer-service chat feature on its website (and one of 16 filed using Mr. Licea as a plaintiff). The Ninth Circuit recently criticized similar serial litigants for extorting businesses with a "wave of 'get-money-quick' lawsuits." *Shayler v. 1310 PCH, LLC*, 2022 WL 13743415, at *3 (9th Cir. Oct. 24, 2022). A "hallmark of [such] abusive [] litigation is the use of form complaints containing a multitude of boilerplate allegations of varying merit." *Id.* at *5. Each complaint is filed in "the hope of intimidating the defendant into an early settlement" under the threat of costly litigation. *Id.* One of Mr. Ferrell's prior litigation schemes—under a different CIPA provision—gave rise to a multi-year RICO lawsuit alleging Mr. Ferrell and his firm bribed would-be plaintiffs to call businesses and feign ignorance that the call would be recorded. *Nat-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6136146 (C.D. Cal. Oct. 11, 2018) (alleging Mr. Ferrell "designed, initiated, and pursued fabricated and fraudulent legal claims in state and federal court").

Mr. Ferrell has now inundated the Court with class action lawsuits under Sections 631 and 632.7 of CIPA. This suit should be dismissed for various reasons.

***No personal jurisdiction***. For starters, Mr. Licea cannot establish this Court has personal jurisdiction over Vitacost, an out-of-state company alleged only of maintaining a website with a chat feature available to customers nationwide. Vitacost did not target Mr. Licea or reach out to California in any relevant way. These facts are insufficient to plead Vitacost purposefully directed any conduct to California, and courts faced with similar claims find personal jurisdiction lacking. *See Moledina v. Marriott Int'l, Inc.*, 2022 WL 16630276, at *4 (C.D. Cal. Oct. 17, 2022) (no personal jurisdiction over out-of-state defendant accused of recording conversation initiated by plaintiff) (collecting cases).

***Section 631 is inapplicable***. On the merits, Section 631 of CIPA generally prohibits eavesdropping on communications. Cal. Pen. Code § 631(a). It is wholly

inapplicable to the voluntary online chat Mr. Licea initiated with Vitacost. *First*, as a matter of established law, Vitacost could not wiretap or eavesdrop on a conversation in which it was a participant. *See Warden*, 99 Cal. App. 3d at 811 (wiretapping restrictions of Section 631 "apply only to eavesdropping by a third party and not to recording by a participant to a conversation"). *Second*, the online chat did not occur over a "telegraph or telephone wire, line, cable, or instrument," as required under the first clause of Section 631(a). *Third*, Mr. Licea does not and cannot allege his communications to Vitacost were intercepted while "in transit," as required by Section 631(a)'s second clause. Vitacost only received Mr. Licea's communication when it "arrived" at its intended end point. *Fourth*, Mr. Licea fails to state a claim against any third party, so he cannot allege Vitacost aided another's illegal eavesdropping.

### ***Section 632.7 applies only to telephone conversations.*** Mr. Licea also fails to state a claim under Section 632.7 of CIPA, which generally prohibits unauthorized recording of telephone conversations. Cal. Pen. Code § 632.7(a). *First*, Mr. Licea's Section 632.7 claim fails because he communicated with Vitacost's *website's chat feature*. (Compl. ¶ 18.) Section 632.7 only applies when both parties use a telephone. *Moledina*, 2022 WL 16630276, at *7 ("the communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side"). *Second*, Section 632.7 prohibits only recording conversations "without consent." But Mr. Licea impliedly consented to having his chat recorded because he himself recorded it when he typed it. *Third*, because Mr. Licea cannot state a Section 632.7 claim under the alleged circumstances, Vitacost cannot be liable for aiding in any Section 632.7 violation.

Based on these irremediable deficiencies with Mr. Licea's CIPA claims, Vitacost respectfully requests that the Court dismiss his claims with prejudice.

## II.     FACTUAL ALLEGATIONS

### A.     The Complaint Lacks Foundational Information About Vitacost.

Mr. Licea's cookie-cutter complaint contains no allegations about Vitacost's business.  He does not allege where Vitacost is incorporated, where its headquarters are located, where it advertises, what it sells, where, or to whom.  The only allegations in the complaint concern the online chat feature on Vitacost's website that Mr. Licea decided to use to communicate with Vitacost.

### B.     The Complaint Makes Minimal Allegations About Mr. Licea.

Customers visiting Vitacost's website can access customer service information by communicating with an automated chat feature.  (Compl. ¶ 12.)  To do so, customers type messages into a chat window on the Vitacost website, and receive written responses from Vitacost in that same chat window.  (*See id.* ¶ 35 (describing "text"-based messaging).)  Mr. Licea alleges that within the past year, he visited Vitacost's website and "had a conversation with Defendant" through the Web Chat tool.  (*Id.* ¶ 18.)  Mr. Licea does not allege from where he accessed the chat feature, nor does he allege any specifics about this interaction, other than that he came to believe Vitacost kept a record of the conversation he initiated with Vitacost.  (*Id.* ¶ 20.)  Mr. Licea characterizes Vitacost's Web Chat as "automatically intercept[ing], record[ing], and creat[ing] transcripts of all conversations using the website chat feature," and he alleges that Vitacost allows a third-party vendor, NiceCXone, to "secretly intercept (during transmission and in real time), eavesdrop upon, and store transcripts" of customers' chats with Vitacost "under the guise of 'data analytics.'" (*Id.* ¶¶ 12, 14.)

### C.     The Complaint Follows More Than 50 Others.

Mr. Farrell has filed 53 near-identical complaints throughout California courts, apparently hoping at least one venue will allow him to proceed.  (*See* Exhibit A to this Motion (listing cases).)  Mr. Licea and Mr. Ferrell together filed at least 16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of these cases, 11 in this Court.[1]  As to this case, Mr. Licea sued on October 21, 2022, on behalf of a putative nationwide class.  (ECF No. 1-1.)  He alleges that Vitacost violated Sections 631 and 632.7 of CIPA.  Vitacost removed the case to this Court on November 25, 2022, and now moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6).

## III.   MR. LICEA CANNOT ESTABLISH PERSONAL JURISDICTION

At the threshold, Mr. Licea cannot meet his burden to establish any California court's personal jurisdiction over Vitacost.  In opposition to a Rule 12(b)(2) motion, the plaintiff may "not simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).  As such, the plaintiff "bears the burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).  In other words, Mr. Licea must prove the elements of personal jurisdiction; no proof, no jurisdiction.  He cannot do so.

---

[1] *See Licea v. Am. Eagle Outfitters, Inc.* (C.D. Cal.); *Licea v. Bath and Body Works Direct, Inc.*, No. 3:22-CV-01528 (S.D. Cal.) (Bashant, J.); *Licea v. BJ Acquisition, LLC*, No. 3:22-CV-01579 (S.D. Cal.) (Robinson, J.); *Licea v. Caraway Home, Inc.* (C.D. Cal.); *Licea v. Chewy, Inc.*, No. 3:22-CV-01852 (S.D. Cal.) (Battaglia, J.); *Licea v. GameStop, Inc.* (C.D. Cal.); *Licea v. Genesco, Inc.*, No. 3:22-CV-10567 (S.D. Cal.) (Ohta, J.); *Licea v. Logitech, Inc.*, No. 3:22-CV-01490 (S.D. Cal.) (Lopez, J.); *Licea v. Luxottica of America, Inc.* (C.D. Cal.); *Licea v. Old Navy, LLC* (C.D. Cal.); *Licea v. Overstock.com, Inc.*, No. 3:22-CV-01594 (S.D. Cal.) (Sammartino, J.); *Licea v. Payless Shoesource Worldwide, LLC*, No. 3:22-CV-01586 (S.D. Cal.) (Bashant, J.); *Licea v. Puma North America, Inc.* (C.D. Cal.); *Licea v. Tommy Hilfiger U.S.A., Inc.*, No. 3:22-CV-01851 (S.D. Cal.) (Sabraw, J.); *Licea v. UNIQLO USA, LLC*, No. 3:22-CV-01489 (S.D. Cal.) (Huie, J.); *Licea v. Wolverine World Wide, Inc.*, No. 3:22-CV-01564 (S.D. Cal.) (Bashant, J.).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  "Where, as here, there is no applicable federal statute governing personal

2  jurisdiction, the district court applies the law of the state in which the district court

3  sits." *Schwarzenegger*, 374 F.3d at 800.  California's long-arm statute is

4  "coextensive with federal due process requirements," so "the jurisdictional analysis

5  under state law and federal due process are the same."  *Id.* at 800–01.  To meet his

6  jurisdictional requirements and due process, Mr. Licea must show that Vitacost, as a

7  non-resident defendant, has certain "minimum contacts" with the forum state "such

8  that the maintenance of the suit does not offend traditional notions of fair play and

9  substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

10 (cleaned up).  Personal jurisdiction may be based on general or specific jurisdiction.

11 *See Schwarzenegger*, 374 F.3d at 801.  Plaintiff cannot establish either.

12      **A.    Mr. Licea Cannot Establish General Jurisdiction.**

13      Mr. Licea cannot meet his burden to establish general personal jurisdiction.

14 "For general jurisdiction to exist over a nonresident defendant [as here], the

15 defendant must engage in 'continuous and systematic general business contacts'

16 that 'approximate physical presence in the forum state.'" *Schwarzenegger*, 374

17 F.3d at 801 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

18 408, 416 (1984)).  This is an "exacting standard." *Ranza v. Nike*, 793 F.3d 1059,

19 1069 (9th Cir. 2015) (quotation omitted).  The "paradigmatic locations where

20 general jurisdiction is appropriate over a corporation are its place of incorporation

21 and its principal place of business." *Id.* (citing *Daimler AG v. Bauman*, 571 U.S.

22 117, 119 (2014)).

23      Mr. Licea's barebones allegations do not establish general jurisdiction.  Mr.

24 Licea does not and cannot claim that Vitacost is either incorporated in California or

25 has its principal place of business here (in fact, Vitacost is a Delaware corporation

26 with its principal place of business in Florida).  The cookie-cutter complaint

27 contains no allegations about Vitacost's business whatsoever, and thus does not

28 plausibly give rise to the inference that Vitacost would be subject to general

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

jurisdiction in California for any other reason.  General jurisdiction fails for lack of relevant allegations and proof.  *See Schwarzenegger*, 374 F.3d at 801.

### B.    Mr. Licea Cannot Establish Specific Jurisdiction.

Mr. Licea also fails to meet his burden to establish specific jurisdiction.  The mere allegation that Vitacost offers a customer-service chat feature available to all internet users is insufficient to establish the minimum contacts necessary for specific jurisdiction.  Due process requires that the defendant's allegedly improper conduct "connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).  Courts in the Ninth Circuit require plaintiffs seeking California jurisdiction to make two evidentiary showings: (1) whether the defendant purposefully directed its actions at the forum state, and (2) whether the claim arises out of or relates to the defendant's forum-directed activities.  *See Schwarzenegger*, 374 F.3d at 802.  Failure to establish either requires dismissal of the action.  *Id*.  Mr. Licea cannot establish either.

### 1.    Vitacost Did Not Direct Its Web Chat Toward California.

Mr. Licea cannot meet his burden on prong one, i.e., to establish that Vitacost purposefully directed its Web Chat toward California.  Courts apply the "effects test" articulated in *Calder v. Jones*, 465 U.S. 783 (1984), to determine whether a defendant purposefully directed its alleged tortious conduct to the forum.  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).  The test requires that the defendant "*expressly aimed* at the forum state" an intentional act that caused harm the defendant knew was likely to be suffered in the forum state.  *Id.* at 1229 (emphasis added); *see also Walden*, 571 U.S. at 286–88.  Failure to plead sufficiently this element "is fatal to [a p]laintiff's attempt to show personal jurisdiction."  *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1163 (N.D. Cal. 2014).

Mr. Licea has not pled any facts establishing that Vitacost expressly aimed its Web Chat at California.  "Express aiming" means "'something more' than 'a foreign act with foreseeable effects in the forum state.'" *Pakootas v. Teck Cominco*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018) (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).  "'[U]ntargeted negligence' that merely happen[s] to cause harm to [the plaintiff]" is insufficient. *Schwarzenegger*, 374 F.3d at 807 (quoting *Calder*, 465 U.S. at 789); *see Walden*, 571 U.S. at 290 ("mere injury to a forum resident is not a sufficient connection to the forum").

In the context of websites available nationwide, courts consider "the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident."  *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 513 (C.D. Cal. 2021) (citing *Mavrix*, 647 F.3d at 1231).  Even an interactive website and substantial sales into the forum state are insufficient on their own.  *See ThermoLife Int'l, LLC v. NetNutri.com LLC*, 813 F. App'x 316, 318 (9th Cir. 2020); *P&P Imports LLC v. OJCommerce, LLC*, 2019 WL 8012690, at *3 (C.D. Cal. Oct. 4, 2019); *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 2015 WL 5834135, at *3–4 (N.D. Cal. Oct. 7, 2015).

Mr. Licea meets none of the "express aiming" requirements, much less the specific requirements for subjecting national website owners to jurisdiction.  Mr. Licea's sole allegation connecting Vitacost to California is his cookie-cutter assertion that "Defendant knowingly engages in activities directed at consumers in this County."  (Compl. ¶ 3; *see also Rain Design, Inc. v. Spinido, Inc.*, 2018 WL 4904894, at *2 (N.D. Cal. Oct. 9, 2018) ("conclusory allegations are not sufficient to demonstrate that the Court has personal jurisdiction").)  Mr. Licea makes no effort to allege what those activities are, what goods or services Vitacost provides, to whom or where.  Mr. Licea does not allege that Vitacost targeted him or any California resident.  Critically, Mr. Licea admits that he voluntarily visited Vitacost's website, not that Vitacost targeted him.  (Compl. ¶ 18.)

MOTION TO DISMISS COMPLAINT
Case No. 22-CV-1854-RSH-WVG

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In short, Mr. Licea's theory is that Vitacost is liable under a California state statute because it: (1) offers a customer-service chat feature on a nationally available website, and (2) kept a record of a chat initiated by someone who happens to be a California resident.  But maintaining an interactive website is insufficient to confer personal jurisdiction over claims arising from allegedly tortious conduct on that website.  *See ThermoLife*, 813 F. App'x at 318.  Mr. Licea must allege "something more," *id.*, but he does not.  That is why in a recent CIPA case, *Moledina v. Marriott Int'l, Inc.*, 2022 WL 16630276 (C.D. Cal. Oct. 17, 2022), the court found it lacked personal jurisdiction over an out-of-state defendant accused of recording a telephone call the plaintiff initiated.  The *Moledina* court reasoned:

> Plaintiff fail[ed] to plausibly demonstrate that Defendant "expressly aimed" the alleged conduct at California.  The entire factual basis for Plaintiff's lawsuit [was] a single phone call he made from California to the [defendant] Hotel in Texas that was recorded in Utah.  Plaintiff d[id] not allege that Defendant ever contacted him while he was in California, let alone individually targeted him, or otherwise directed any relevant activities at California.  Rather, Plaintiff argue[d] that Defendant expressly aimed conduct at California when it "intentionally audio recorded the telephone conversation with Plaintiff, an individual it knew, or at least reasonably should have known, was calling from California during the time of the call."  That is not enough to confer specific jurisdiction.

*Id.* at *3.

*Moledina*, and the series of cases upon which it relies, are dispositive here. *See, e.g.*, *Ayer v. White*, 2022 WL 657502 (C.D. Cal. Mar. 4, 2022); *Dangoor v. Peterson's Stampede Dodge Chrysler Jeep, LLC*, 2019 WL 6357252 (C.D. Cal. Aug. 8, 2019); *Chan v. UBS AG*, 2019 WL 6825747 (C.D. Cal. Aug. 5, 2019).  Mr. Licea has alleged nothing more than that Vitacost has a website available to any internet user and that it keeps a record of chats users voluntarily communicate to the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  website.  That does not support the inference that Vitacost expressly aimed any
2  conduct at California.

3        Because Mr. Licea's complaint fails the effects test, he has not carried his
4  burden of alleging Vitacost purposefully directed its alleged conduct at California.
5  Specific jurisdiction is inappropriate.

6        **2.**     **The Claims Do Not Relate to Forum-Directed Conduct.**

7        Mr. Licea's complaint also fails the second prong of the specific jurisdiction
8  analysis: whether Mr. Licea adequately alleges his claims "arise out of or relate to"
9  Vitacost's contacts with California.  *Schwarzenegger*, 374 F.3d at 802.  Mr. Licea
10 has not alleged any conduct directed at California, so it follows he has not alleged a
11 nexus between his claims and Vitacost's California contacts.  Mr. Licea therefore
12 fails to carry his burden to establish specific jurisdiction over Vitacost, and the
13 complaint should be dismissed.

14 **IV.**   **THE COMPLAINT FAILS TO STATE A CLAIM**

15       Even if Mr. Licea demonstrates personal jurisdiction over Vitacost, he fails to
16 state a viable claim.  Under Rule 12(b)(6), a complaint must allege "factual content
17 that allows the court to draw the reasonable inference that the defendant is
18 responsible for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
19 (2009).  Courts require "more than labels and conclusions, and a formulaic
20 recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v.*
21 *Twombly*, 550 U.S. 544, 555 (2007).  Courts should dismiss a complaint if it "either
22 (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a
23 cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

24
25
26
27
28

MOTION TO DISMISS COMPLAINT
Case No. 22-CV-1854-RSH-WVG

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

CIPA, on which Mr. Licea brings his claims, was enacted in 1967 to address telephone wiretap issues rampant at the time.[2]  Neither Section 631 nor Section 632.7 fits Mr. Licea's alleged facts.

**A.    Mr. Licea Does Not State a Claim Under Section 631.**

Mr. Licea cannot state a claim under Section 631 of CIPA, which criminally punishes anyone:

> [(1)] who, by means of any machine, instrument, or contrivance, or in any other manner, *intentionally taps, or makes any unauthorized connection*, whether physically, electrically, acoustically, inductively, or otherwise, with *any telegraph or telephone wire, line, cable, or instrument*, including the wire, line, cable, or instrument of any internal telephonic communication system, or [(2)] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, *reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit* or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or [(3)] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or [(4)] who *aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section*[.]"

Cal. Pen. Code § 631(a) (emphases added).

---

[2] In contrast, the more recently enacted California Consumer Privacy Act (CCPA), Cal. Civ. Code § 1798.100 et seq., broadly governs consumer privacy in online contexts.  The CCPA directly speaks to the online privacy concerns of consumers, including establishing additional obligations upon businesses when working with service providers.  The CCPA does not prohibit disclosing consumers' personal information but instead gives the consumer the right to request information about the disclosure.  Cal. Civ. Code § 1798.115.  As relevant to this case, the statute explains that "providing customer service" is a valid "business purpose" as defined in Cal. Civ. Code § 1798.140(d)(5).  Mr. Licea did not bring a claim under the CCPA, but instead seeks to expand CIPA beyond its intent.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Although unclear, Mr. Licea appears to invoke the italicized portions of Section 631 claims pertaining to one who: "intentionally taps, or makes any unauthorized connection" with a "telegraph or telephone wire, line, cable, or instrument"; "willfully attempts to "learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable"; or "aids, agrees with, employs, or conspires with any person" to illegally wiretap."  (Compl. ¶ 31 (alleging Vitacost "caused the internet communication with [its] Website . . . to be recorded" and "aided[ and] abetted at least one third party to eavesdrop"); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (outlining clauses).)

Mr. Licea's claim fail as a matter of law because:  (1) Vitacost cannot eavesdrop its own conversation (which defeats clauses 1, 2, and 3); (2) Mr. Licea does not allege the tapping of a telephone line (which defeats clause 1); (3) Mr. Licea's allegations necessarily undermine any claim of interception in transit (which defeats clause 2); and (4) Mr. Licea fails to allege aiding of a third party (which defeats clause 4).

### 1. Vitacost Cannot Wiretap Its Own Conversation.

First, Vitacost cannot wiretap its own conversation, which is dispositive of any claims under the first, second, or third clauses of Section 631(a).  As explained by the California legislature, CIPA was designed to remedy the use of technology "for the purpose of eavesdropping upon private communications."  Cal. Pen. Code § 630.  Accordingly, *for nearly half a century, Section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation." Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (emphasis added).  Parties to the communication "cannot be held liable as a matter of law" under Section 631, *Powell v. Union Pac. R. Co.*, 864 F. Supp. 2d 949, 954 (E.D. Cal. 2012), because "[i]t is never secret to one party to a conversation that the other party is listening to the conversation," *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(1975); *see also Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021) ("Under section 631(a), if a person secretly listens to another's conversation, the person is liable. Only a third party can listen to a conversation secretly."). Courts consistently recognize any claim under the first or second clauses in Section 631(a) fails when alleged against a party to the communication. *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1080 (C.D. Cal. 2021) ("Courts agree that § 631(a)[i] and [ii] apply only to third parties and not to participants.") (alterations in original).

Mr. Licea admits Vitacost was a party to the challenged chat, and this admission is fatal to his claims. Mr. Licea alleges that he "used a smart phone . . . and had a conversation *with Defendant*." (Compl. ¶ 18 (emphasis added).) His claim therefore conflicts with the "settled nature of the third-party focus of section 631." *Powell*, 864 F. Supp. 2d at 955 (dismissing claim against party to communication). As one court recently held in indistinguishable circumstances, "[a]s the website owner, [the defendant] What If was the intended recipient of plaintiff's communication. Parties to a conversation cannot eavesdrop on their own conversation[.]" *Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022); *see Saleh*, 562 F. Supp. at 519 (dismissing Section 631 claims alleging website owner used tracking software to record plaintiff's communications with website, reasoning "the § 631 [participant] exception applie[d]"); *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 126 (N.D. Cal. 2020) (dismissing Section 631 claims alleging Apple eavesdropped on customers' "login activities" because "Plaintiffs' 'login activities' are communications that Plaintiffs send to Apple's servers"); *Membrila v. Receivables Performance Mgmt., LLC*, 2010 WL 1407274, at *2 (S.D. Cal. April 6, 2010) (dismissing Section 631 claims where "Plaintiff allege[d] Defendant recorded Plaintiff's phone conversation with Defendant"). As such, Mr. Licea's claims under the first and second clauses of Section 631(a) fail.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 2.    Vitacost Did Not Access a Telephone Line.

Second, even if Vitacost could "eavesdrop" on its own conversation (it can't), Mr. Licea fails to state a claim under Section 631(a)'s first clause for the additional reason that he does not allege Vitacost tapped into a telephone line.

To state a claim under Section 631(a)'s first clause, a plaintiff must allege the defendant "intentionally tap[ped], or ma[de] any unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument . . . ." *Mastel*, 549 F. Supp. 3d at 1134 (quoting Cal. Pen. Code § 631(a)) (alterations in original).  "[T]he first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet."  *Williams*, 2022 WL 17869275, at *2 (collecting cases); *see In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) ("The first clause expressly requires that the unauthorized 'connection' be made with 'any telegraph or telephone wire, line, cable, or instrument.'"); *Matera v. Google, Inc.*, 2016 WL 8200619, at *18 (N.D. Cal. Aug. 12, 2016) ("the first clause" is "limited to communications passing over 'telegraph or telephone' wires, lines, or cables").

Here, Mr. Licea alleges Vitacost "covertly embedded software code . . . *into its website* that automatically intercepts, records and creates transcripts of all conversations using the website chat feature."  (Compl. ¶ 12 (emphasis added); *see id.* ¶ 31 (Vitacost "caused the internet communication[s]" with its "Website to be recorded").)  Under this theory, Vitacost tapped or made an unauthorized connection with its website, not a telephone line.  Vitacost cannot violate Section 631(a)'s first clause under these circumstances.  *See Williams*, 2022 WL 17869275, at *2 (no claim under first clause of Section 631(a) where plaintiff alleged defendant used software to record interactions with website); *Mastel*, 549 F. Supp. 3d at 1134 (dismissing claim under first clause of Section 631(a) where plaintiff alleged iPhone application made unauthorized connection with iPhone software, reasoning complaint "plainly d[id] not involve any allegations concerning

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

'telephone wires, lines, or cables'"); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d at 825–26 (dismissing claim under first clause of Section 631(a) where plaintiffs alleged Google voice-activated assistant illegally eavesdropped, reasoning complaint did not "suggest that the Google Assistant operate[d] using telegraph or telephone wires").

Mr. Licea's citation to *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022), for the proposition that Section 631 applies to internet communications does not change this analysis.  (Compl. ¶ 19.)  "*Javier* was expressly cabined to the question of consent," which is not at issue here.  *Williams*, 2022 WL 17869275, at *4 (rejecting "Plaintiff's reliance on *Javier*" as "inapposite"); *see Javier*, 2022 WL 1744107, at *3 (predicting "the California Supreme Court would interpret Section 631(a) to require the prior consent of all parties to a communication," and declining to reach any other arguments). Furthermore, the dicta to which Mr. Licea cites referred only to *the second clause* in Section 631(a)—the only one apparently at issue in *Javier*—and so is irrelevant to this analysis.  *See Javier*, 2022 WL 1744107, at *1 (quoting second clause of Section 631(a)); *see also Mastel*, 549 F. Supp. 3d at 1134 ("While it is true that several federal courts interpreting the CIPA have held that the statute may apply to technologies beyond telephones or telegraphs, those holdings have largely been limited to the statute's *second* clause.") (emphasis in original).

Likewise, Mr. Licea's suggestion that all internet communication travels along traditional telephone lines is undeveloped and misguided.  (Compl. ¶ 19.) Many courts have dismissed CIPA claims for not taking place over telephone wires even though the communications involved the internet.  *See, e.g.*, *Williams*, 2022 WL 17869275, at *2 (communications with website did not take place over telephone lines); *Mastel*, 549 F. Supp. 3d at 1135 (communications between iPhone user and online application did not take place over telephone lines); *In re Google*

MOTION TO DISMISS COMPLAINT
Case No. 22-CV-1854-RSH-WVG

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  *Assistant Priv. Litig.*, 457 F. Supp. 3d at 825–26 (communications with internet-
2  connected Google Assistant did not take place over telephone lines).

3      As such, this Court should "follow the overwhelming weight of authority"
4  and dismiss Mr. Licea's claims under the first clause of Section 631(a) because he
5  fails to allege Vitacost "intentionally tapped or made an unauthorized connection
6  with a 'telegraph or telephone wire, line, cable, or instrument.'"  *Mastel*, 549 F.
7  Supp. 3d at 1135.

8          **3.    Mr. Licea's Messages Were Not Intercepted in Transit.**

9      Third, Plaintiff's CIPA claim under Section 631(a)'s second clause also fails
10 because that clause applies only when communications are intercepted "in transit,"
11 which is not alleged here.  Section 631(a)'s second clause prohibition a defendant
12 from "read[ing], or attempt[ing] to read, or to learn the contents or meaning of any
13 message, report, or communication," but ***only*** "while the same is ***in transit***."  Cal.
14 Pen. Code § 631(a) (emphases added); *see also Mastel*, 549 F. Supp. 3d at 1136
15 ("the second clause only imputes liability" when the defendant intercepts "a
16 communication that is in transit," "passing," or "being sent").  Put another way, a
17 defendant must "stop, seize, or interrupt [a communication] in progress or course
18 before arrival."  *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir.
19 2002).[3]

20      Here, Mr. Licea only alleges "Defendant . . . automatically intercepts, records
21 and creates transcripts of all conversations using the website chat feature" "during
22 transmission and in real time."  (Compl. ¶ 12.)  Courts reject this type of conclusory
23 allegation under Section 631.  *See In re Vizio, Inc. Consumer Priv. Litig.*, 238 F.
24 Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing Section 631 claim where

25
26      _____
      [3] *Konop* interpreted the federal Wiretap Act, which is analogous to CIPA.
27 *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018) ("The analysis
   for a violation of CIPA is the same as that under the federal Wiretap Act."); *see*
28 *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 953 (N.D. Cal. 2014).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"conclusory allegation that Vizio intercepted [plaintiffs'] electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs in real-time"); *Rodriguez v. Google, LLC*, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) (dismissing Section 631 claim because "[u]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [defendant] is intercepting [plaintiffs'] data in transit"); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) (dismissing Wiretap Act claim where allegations of communications intercepted "in transit" were "conclusory").

Nor could Mr. Licea's claim survive even if he could conclusorily allege interception. Based on Mr. Licea's complaint, Vitacost could not have "intercepted" a communication—meaning obtained the communication before its arrival between the initiator (Mr. Licea) and its recipient (Vitacost) because *Vitacost was the recipient.* (Compl. ¶ 18 (describing communications "with Defendant").) By definition, the instant the message reached Vitacost, it had "arriv[ed]" at its intended recipient—exactly the circumstance that barred "interception" that required dismissal in *Konop*, 302 F.3d at 878. Vitacost had no opportunity to "intercept" the communication before it was completed. *Rogers*, 52 Cal. App. 3d at 898 (a party to a communication "does not intercept the message while it is in transit; the recording rather transcribes the message as it is being received"); *see Adler v. Community.com, Inc.*, 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021) (dismissing Section 631 claim where "Plaintiffs sent text messages to [defendant's number], and the device paired with that number 'received the information, effectively completing the communication'") (quoting *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1269 (N.D. Cal. 2001)).

As a result, anything Vitacost did with the communication once received falls outside the scope of Section 631. *See Mireskandari v. Mail*, 2013 WL 12129559, at *10 n.44 (C.D. Cal. Jul. 30, 2013) (dismissing Section 631 claim because plaintiff

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    failed to allege defendant "intercepted any electronic communication while it was in

2    transit; at most, he allege[d] the illegal disclosure of data [defendant] held in

3    storage"); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 953 (N.D.

4    Cal. 2014) (no Wiretap Act violation where defendants accessed stored

5    communications because "nowhere does the Complaint allege that the defendants

6    'intercepted' any 'electronic communication'"); *Pure Power Boot Camp, Inc. v.*

7    *Warrior Fitness Boot Camp, LLC*, 759 F. Supp. 417, 431 (S.D.N.Y. 2010)

8    ("[E]lectric communications cannot be intercepted for purposes of the [Wiretap

9    Act] after they have been delivered.").  Mr. Licea therefore fails to state a claim

10    under the second clause of Section 631(a) for the additional reason that he does not

11    allege Vitacost intercepted the communication in transit.

### 4. Vitacost Did Not Aid Another's CIPA Violation.

12

13    Fourth, Mr. Licea fails to plead that Vitacost aided any third-party

14    eavesdropping, and what he does allege forecloses that argument in any event.

15    Although the Complaint lumps Section 631(a)'s third and fourth clauses together

16    (*see* Compl. ¶ 28), Mr. Licea does not allege facts suggesting Vitacost violated the

17    third clause, which prohibits the use of information obtained via an illegal wiretap

18    (*see id.* ¶¶ 28–33 (making no mention of "use" of information)).  Any such claim

19    under that clause would fail for various reasons, including that the third clause does

20    not apply to parties to the conversation.  *See Williams*, 2022 WL 17869275, at *2

21    ("Parties to a conversation cannot eavesdrop on their own conversation, so [only

22    Section 631(a)'s fourth] clause is applicable to" a party).

23    As to the fourth clause, Mr. Licea does not allege any facts giving rise to the

24    inference that NiceCXone, the only third party mentioned in the complaint (and

25    mentioned just once) (Compl. ¶ 12), violated any aspect of Section 631 in its own

26    right.  Unless and until Mr. Licea can adequately plead NiceCXone violated CIPA,

27    he cannot plead that Vitacost aided a CIPA violation.  *Graham*, 533 F. Supp. 3d at

28

833 ("Noom is not liable for aiding and abetting FullStory's wrongdoing because there is no wrongdoing.").

Furthermore, the facts Mr. Licea has alleged show that Vitacost used NiceCXone as a tool, or "an extension" of itself, which CIPA permits. *Graham*, 533 F. Supp. 3d at 832.  Mr. Licea alleges NiceCXone provided Vitacost a "data analytics" tool that somehow "intercept[s] . . . and store[s]" customer-service chats. (Compl. ¶¶ 12, 14.)  But a data analytics provider is not a "third party eavesdropper"; rather, "[i]t provides a tool—like the tape recorder in *Rogers*—that allows [Vitacost] to record and analyze its own data in aid of [its] business." *Graham*, 533 F. Supp. 3d at 832.  Because a party to a conversation cannot eavesdrop, CIPA permits it to record the conversation and use that recording (here a transcript) as it pleases (including to analyze it).  *See id.* (no aiding third-party eavesdropping where third-party "[was] a vendor that provide[d] a software service that capture[d] its clients' data, host[ed] it on [the third-party's] servers, and allow[ed] the clients to analyze their data"); *Williams*, 2022 WL 17869275, at *3 (no aiding third-party eavesdropping where "[t]he complaint most pertinently allege[d] that [website owner] What If deployed [third-party] ActiveProspect's TrustedForm recording software only on What If's websites and that the recordings were stored and accessed on ActiveProspect's servers"); *Johnson v. Blue Nile, Inc.*, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) ("[F]or the reasons stated in *Graham v. Noom*, FullStory is not a third-party eavesdropper.  As a result, Blue Nile is not liable for aiding and abetting FullStory's wrongdoing because there is no wrongdoing."); *Yale v. Clicktale, Inc.*, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) (same).

To the extent there is any purported ambiguity in this penal statute, it should be construed in Vitacost's favor.  *See Warden*, 99 Cal. App. 3d at 811 n.3 ("Since we are dealing with a penal statute [in Section 631], language so ambiguous should be interpreted in favor of the alleged violator.").

1    In sum, Mr. Licea fails to allege Vitacost violated any aspect of Section 631,

2  and this claim should be dismissed.

3    **B.    Mr. Licea Does Not State a Claim Under Section 632.7.**

4    Mr. Licea also fails to state a claim under Section 632.7.  That section applies

5  only to communications between two telephones, and Mr. Licea de facto consented

6  to having his chat "recorded" when he himself wrote it down.  And as with Section

7  631, because there is no primary violation of Section 632.7, Vitacost is not liable

8  for assisting another in illegal recording.

9    **1.    Section 632.7 Does Not Apply to Online Chats.**

10    Section 632.7 is a call recording statute.  By its plain terms, it applies only to

11  communications "transmitted between two cellular radio telephones, a cellular radio

12  telephone and a landline telephone, two cordless telephones, a cordless telephone

13  and a landline telephone, or a cordless telephone and a cellular radio telephone[.]"

14  Cal. Pen. Code § 632.7(a).

15    The California Supreme Court recently characterized the provision this way:

16  "Under Penal Code section 632.7, subdivision (a) . . . it is a crime when a person

17  'without the consent of all parties to a communication, intercepts or receives and

18  intentionally records . . . a communication transmitted *between' a cellular or*

19  *cordless telephone and another telephone*."  *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183,

20  187 (2021) (emphasis added).  This plain language reflects the legislative intent

21  behind Section 632.7, which was to "plug[] a perceived hole in the statutory scheme

22  that left communications involving cordless and cellular telephones unprotected

23  from recording."  *Id.* at 197–98.  And courts uniformly discuss Section 632.7 in

24  terms of protecting "telephone conversations."  *See, e.g.*, *Kearney v. Salomon Smith*

25  *Barney, Inc.*, 39 Cal. 4th 95, 125 (2006) (Section 632.7 enacted to protect privacy

26  on "cordless or cellular phones"); *Flanagan v. Flanagan*, 27 Cal. 4th 766, 771, n.2

27  (2002) ("Section 632.7 . . . prohibits intentionally intercepting or recording

28  communications involving cellular telephones and cordless telephones.").

MOTION TO DISMISS COMPLAINT
Case No. 22-CV-1854-RSH-WVG

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Accordingly, the "type of telephone" is central to a Section 632.7 claim, *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1469 (2014), and a covered telephone must be used on both ends of the conversation, *Montantes v. Inventure Foods*, 2014 WL 3305578, at *4 (C.D. Cal. July 2, 2014); *see Moledina*, 2022 WL 16630276, at *7 ("the communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side").

Here, Mr. Licea alleges that he used a smart phone to communicate with Vitacost's "website."  (Compl. ¶ 18; *see id.* ¶ 38 (complaining about "communication from the chat feature on [Vitacost's] website").)  This admission forecloses any Section 632.7 claim.  Vitacost's "website" is not a covered phone (or any phone at all).  Section 632.7 delineates precisely what types of phones are covered: only cellular radio telephones, landline telephones, and cordless telephones.  Cal. Pen. Code § 632.7(a); *see id.* § 632.7(c)(1)–(2) (defining "cellular radio telephone" and "cordless telephone").  A website is not a phone.  *Compare* "Website," Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/website (accessed Dec. 20, 2022) ("a group of World Wide Web pages usually containing hyperlinks to each other and made available online"), *with* "Telephone," Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/telephone (accessed Dec. 20, 2022) ("an instrument for reproducing sounds at a distance").

### 2.    Mr. Licea Impliedly Consented to the "Recording."

Mr. Licea's Section 632.7 claim fails for the additional reason that Section 632.7 only prohibits recording conversations "without . . . consent."  Cal. Pen. Code § 632.7(a).  Consent can be implied, and "[t]he circumstances involved with certain kinds of communications may lead to a reasonable inference that a party sending a communication has consented to having it recorded by the intended recipient." *Smith*, 11 Cal. 5th at 194.  Specifically, "recordation would be expected with

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a . . . text transmission." *Id.*  As one court explained, because the sender records the message himself before sending it, "[a] party who has sent a communication such as an image or facsimile that is necessarily recorded upon receipt has certainly consented to that recording by the intended recipient." *Montantes*, 2014 WL 3305578, at *3.

Here, Mr. Licea alleges Vitacost recorded his text-based online messages through the Web Chat.  (Compl. ¶¶ 12, 38–39.)  But Mr. Licea typed out these messages himself, so he "certainly consented" to Vitacost's receiving the "recordation" of the messages. *Montantes*, 2014 WL 3305578, at *3.  It is implausible that Mr. Licea believed Vitacost would not receive a "transcript" of his chats when the chats were only ever in written form.  (*See* Compl. ¶ 12 (accusing Vitacost of "creat[ing] transcripts of all conversations using the website chat feature").)  Section 632.7 does not fit the circumstances alleged.

### 3.    Vitacost Cannot Be Liable for Aiding and Abetting.

Last, Mr. Licea alleges that Vitacost should be liable for "assist[ing] in the interception or reception and intentional recordation" of the chat communication pursuant to Section 632.7.  (Compl. ¶ 40.)  There is no "aiding and abetting" liability here because no Section 632.7 liability could attach to the conduct alleged in the first instance: the online chat did not occur between two qualifying telephones, and Mr. Licea implicitly consented to having his written message "recorded."  Section 632.7 is inapplicable to the circumstances alleged.

## V.    CONCLUSION

The Court should dismiss Mr. Licea's complaint.  Because the legal deficiencies cannot be remedied, dismissal should be with prejudice.

Dated: January 2, 2023                  DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
     Jacob M. Harper

*Attorneys for Defendant Vitacost.com, Inc.*

MOTION TO DISMISS COMPLAINT
Case No. 22-CV-1854-RSH-WVG

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

Exhibit A

**EXHIBIT A**

**CIPA CASES FILED BY MR. FERRELL**

1.  Byars v. Casper Sleep, Inc. (C.D. Cal.);

2.  Byars v. The Goodyear Tire & Rubber Co. (C.D. Cal.);

3.  Byars v. Hot Topic, Inc. (C.D. Cal.);

4.  Byars v. Rite Aid Corp. (C.D. Cal.);

5.  Byars v. Sterling Jewelers, Inc. (C.D. Cal.);

6.  Cody v. Ashley Furniture Industries, LLC (Cal. Super. Ct.);

7.  Cody v. Athletic Propulsion Labs, LLC (C.D. Cal.);

8.  Cody v. Columbia Sportswear Co. (C.D. Cal.);

9.  Cody v. Movado Group (Cal. Super. Ct.);

10. Cody v. Promises Behavioral Health, LLC (C.D. Cal.);

11. Cody v. Tiffany & Co. (C.D. Cal.);

12. Cody v. Warby Parker, Inc. (C.D. Cal.);

13. Garcia v. Build.com, Inc. (Cal. Super. Ct.);

14. Garcia v. LL Bean, Inc. (Cal. Super. Ct.);

15. Esparza v. Crocs, Inc., No. 3:22-cv-01842 (S.D. Cal.) (Ohta, J.);

16. Esparza v. Dickeys BBQ Pit, Inc., No. 3:22-CV-01502 (S.D. Cal.) (Sabraw, J.);

17. Esparza v. Escondido A1, Inc. (Cal. Super. Ct.);

18. Esparza v. FanDuel, Inc., No. 3:22-CV-01853 (S.D. Cal.) (Benitez, J.);

19. Esparza v. Minted, LLC, No. 3:22-CV-01560 (S.D. Cal.) (Robinson, J.);

20. Licea v. Am. Eagle Outfitters, Inc. (C.D. Cal.);

21. Licea v. Bath & Body Works Direct, Inc., No. 3:22-CV-01528 (S.D. Cal.) (Bashant, J.);

22. Licea v. BJ Acquisition, LLC, 3:22-CV-01579 (S.D. Cal.) (Robinson, J.);

23. Licea v. Caraway Home, Inc. (C.D. Cal.);

1

Exhibit A

24. Licea v. Chewy, Inc., No. 3:22-CV-01852 (S.D. Cal.) (Battaglia, J.);

25. Licea v. GameStop, Inc. (C.D. Cal.);

26. Licea v. Genesco, Inc., No. 3:22-CV-10567 (S.D. Cal.) (Ohta, J.);

27. Licea v. Logitech, Inc., No. 3:22-CV-01490 (S.D. Cal.) (Lopez, J.);

28. Licea v. Luxottica of America, Inc. (C.D. Cal.);

29. Licea v. Old Navy, LLC (C.D. Cal.);

30. Licea v. Overstock.com, Inc., No. 3:22-CV-01594 (S.D. Cal.) (Sammartino, J.);

31. Licea v. Payless Shoesource, LLC, No. 3:22-CV-01586 (S.D. Cal.) (Bashant, J.);

32. Licea v. Puma North America, Inc. (C.D. Cal.);

33. Licea v. Tommy Hilfiger U.S.A., Inc., No. 3:22-CV-01851 (S.D. Cal.) (Sabraw, J.);

34. Licea v. UNIQLO USA, LLC, No. 3:22-CV-01489 (S.D. Cal.) (Huie, J.);

35. Licea v. Wolverine World Wide, Inc, No. 3:22-CV-01564 (S.D. Cal.) (Bashant, J.);

36. Martin v. Lovisa America, LLC (E.D. Cal.);

37. Martin v. Sephora USA, Inc. (E.D. Cal.);

38. Valenzuela v. Aflac, Inc. (C.D. Cal.);

39. Valenzuela v. AIG Direct Ins. Servs., Inc. (C.D. Cal.);

40. Valenzuela v. BJ's Wholesale Club, Inc. (C.D. Cal)

41. Valenzuela v. CNO Services, LLC (C.D. Cal.);

42. Valenzuela v. Dermacare, LLC (Cal. Super. Ct.);

43. Valenzuela v. Hims & Hers Health, Inc. (Cal Super. Ct.);

44. Valenzuela v. Kapersky Lab., Inc. (Cal. Super. Ct.);

45. Valenzuela v. M.A.C. Cosmetics (C.D. Cal.);

46. Valenzuela v. Massage Envy Franchising, LLC (C.D. Cal);

47. Valenzuela v. Michael Kors (C.D. Cal.);

48. Valenzuela v. Nationwide Mut. Ins. Co. (C.D. Cal.);

Exhibit A

49. Valenzuela v. Papa Murphy's Int'l, LLC (C.D. Cal.);

50. Valenzuela v. Pierre Fabre USA, Inc (Cal. Super. Ct.);

51. Valenzuela v. Under Armour, Inc. (C.D. Cal.);

52. Valenzuela v. Vf Outdoor, LLC (Cal. Super. Ct.);

EXHIBIT A TO MOTION TO DISMISS COMPLAINT
Case No. 22-CV-1854-RSH-WVG